OTHO D. CRITZER, Appellant, *v.* MURRAY McCONNEL, Appellee.

### APPEAL FROM MORGAN.

If A. pays money to B. to be applied to a particular purpose, and B. delivers the same money to C. to be applied by C. to the same purpose; if C. misapplies the money, A. may recover the money back from C. in an action for money had and received.

THIS cause was heard before D. M. WOODSON, Judge, without the intervention of a jury, at March term, 1853, of the Morgan Circuit Court. McConnel recovered judgment, and Critzer appealed.

The facts of the case are stated in the opinion.

D. A. SMITH, for appellant.

M. McCONNEL, in person.

CATON, J. The question in this case is one of fact rather than of law. If the three hundred dollars which was paid to Critzer by Bonesteel, was the money of McConnel, and was misapplied by Critzer, there can be no doubt of the plaintiff's right to recover, and that the finding of the circuit court was proper. Was the evidence sufficient to justify the court in this finding? Bonesteel states that he got the money of McConnel, to be used according to the terms of a receipt which he gave to McConnel at the time, and a copy of which is attached to his deposition. That receipt states that he had received the money

of McConnel for the purpose of being used to purchase for him, and in his name, a certain judgment specified, and in the receipt, Bonesteel agreed to procure a transfer of the judgment to McConnel in ten days, or to return the money — the judgment to be by McConnel transferred to Bonesteel, at any time within one year, upon his paying him three hundred and thirty-six dollars therefor. We are satisfied that the receipt truly explains the character of the transaction between the parties; McConnel was to purchase the judgment with his own money, and take an assignment to himself, and agreed to transfer it to Bonesteel, at any time within a year, upon his paying him three hundred and thirty-six dollars therefor. Bonesteel was to negociate the purchase for McConnel, and in case he could not do so within ten days, he was to return the money. If this was the true character of the transaction, it settles the question of the ownership of the money at once. It was as much McConnel's money while in the hands of Bonesteel for that specific purpose, as if he had sent his clerk or any other agent to St. Louis with the money to make the purchase. The fact that there was an agreement that Bonesteel might purchase the judgment for a certain sum, at any time within a year, did not change or affect the ownership of the money in the least degree. The money continued McConnel's as much as if he had employed an entire stranger to negociate the purchase of the judgment. We are satisfied that this money continued McConnel's. Bonesteel, then, as the agent of McConnel, went to St. Louis to purchase the judgment for him. There he met Critzer, gave him the money and the assignment of the judgment to be executed by Woods, Christie & Co., the owners of the judgment, with instructions to purchase the judgment on the best terms he could get the assignment executed, and return it to him. This judgment was against Critzer himself, who, instead of applying the money in good faith, according to McConnel's instructions, by purchasing the judgment and procuring an assignment, applied the money in payment and satisfaction of the judgment. This was as much a misapplication of the money as if he had applied it to any other purpose, entirely foreign to the transaction. There can be no doubt that he is liable for that misapplication of the funds, as for money had and received. Nor would it make any difference if Bonesteel had participated with him in this scheme to defraud McConnel out of his money. He knew it was McConnel's money when he received it, and was bound to apply it according to McConnel's directions or to return it, even though Bonesteel had directed him to misapply it, or had approved of the misapplica-

15*

tion afterwards. McConnel might, no doubt, hold Bonesteel responsible, but that does not relieve Critzer from his liability. McConnel might seek his remedy against which he chose.

We are satisfied the case was correctly decided by the circuit court, and its judgment must be affirmed.

*Judgment affirmed.*